**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5049**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

       v.

DEMETRIUS DESEAN THOMAS, a/k/a Roc,

                    Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (3:06-cr-00050-RCC-1)

Submitted: August 21, 2009      Decided: September 3, 2009

Before MOTZ and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mark L. French, CRISWELL & FRENCH, PLLC, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, R. Gregory McVey, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demetrius Desean Thomas entered a conditional guilty plea to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006), reserving his right to challenge the district court's denial of his motion to dismiss the indictment for an alleged violation of his speedy trial rights under Article III of the Interstate Agreement on Detainers Act ("IADA"), 18 U.S.C. App. 2 (2006). Thomas was sentenced to seventy months' imprisonment. Finding no error, we affirm.

Thomas's counsel asserts on appeal that Thomas attempted to properly invoke his right to a speedy trial under the IADA. Counsel argues that the district court's denial of the motion to dismiss the indictment because of Thomas's technical non-compliance with Article III renders an unjust result.

We review "de novo the district court's denial of a motion to dismiss an indictment where the denial depends solely on questions of law." United States v. Hatcher, 560 F.3d 222, 224 (4th Cir. 2009). The IADA provides an incarcerated prisoner, against whom a detainer is lodged in another jurisdiction, the right to demand trial within 180 days. 18 U.S.C. App. 2, § 2, Art. III(a). It is the prisoner's responsibility to "have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting

2

officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint." Id. The 180-day time period detailed in Article III(a) "does not commence until the prisoner's request for final disposition of the charges against him has actually been delivered to the court and prosecuting officer of the jurisdiction that lodged the detainer against him." Fex v. Michigan, 507 U.S. 43, 52 (1993).

Here, the federal detainer form detailed the date and court in which the detainer was filed and the prisoner's right to a speedy trial. Additionally, the form advised that the prisoner "should periodically inquire as to whether [the] written notice of request for a final disposition of the charges against [the prisoner] ha[d] been received by the appropriate U.S. Attorney and the appropriate U.S. District Court." A copy of the form was to be retained by the prisoner and the remaining three copies were to be sent to the U.S. Marshal's Office, the U.S. Attorney's Office, and the district court.

The provision of the federal detainer form at issue reads: "I (do)(do not) demand a speedy trial on the charge(s)." Thomas did not make a selection. Furthermore, the form was mailed only to the U.S. Marshal's Office. There was no evidence presented to show that either the U.S. Attorney's Office or the

3

district court were notified of Thomas's desire for a speedy trial.

Counsel, however, asserts that Thomas "did everything within his power and control to make sure that his request for a speedy trial had been properly made." Nevertheless, Thomas failed to strictly comply with IADA procedures. See, e.g., United States v. Henson, 945 F.2d 430, 434 (1st Cir. 1991) (stating strict compliance with Article III is necessary to place prosecuting authority on notice that 180-day provision has been invoked). Moreover, any alleged negligence on the part of prison or law enforcement personnel does not excuse non-compliance with Article III. See Fex, 507 U.S. at 49-52. Thus, we conclude the district court did not err in denying Thomas's motion to dismiss the indictment.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED